### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CURTIS BERNARD SEALS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-536-D |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

### **ORDER**

Petitioner Curtis Bernard Seals, a state prisoner appearing pro se, filed a Petition for Writ of Habeas Corpus challenging his conviction under 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On June 8, 2021, the magistrate judge issued a Report and Recommendation [Doc. No. 5], where she recommended dismissal of the habeas petition for lack of jurisdiction as a second or successive habeas petition without Tenth Circuit authorization. Petitioner timely filed an Objection. [Doc. No. 6].

In his Objection, Petitioner presents no persuasive argument or authority that would cause this Court to reject the magistrate judge's conclusions. Further, to the extent Petitioner attempts to introduce new arguments in his objection, the Court notes that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

The Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation. Therefore, the Court, having conducted a *de novo* review, finds that Petitioner's Objection should be overruled, and hereby ADOPTS the Report and Recommendation [Doc. No. 5] in its entirety.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

**IT IS SO ORDERED** this 20th day of August, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge